IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ABEL MESA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:17-cv-00654 -XR |
| | § | |
| | § | |
| THE CITY OF SAN ANTONIO, ACTING | § | |
| BY AND THROUGH ITS AGENT, CITY | § | |
| PUBLIC SERVICE BOARD D/B/A CPS | § | |
| ENERGY | § | |
| *Defendant.* | § | JURY TRIAL DEMANDED |

---

**JOINT FED. R. CIV. P. 26 REPORT**

---

Pursuant to Federal Rules of Civil Procedure 16 and 26, Local Rule of the United States District Court for the Western District of Texas CV-16, and the Court's Order and Advisory (Dkt. 7), the Parties provide the Court notice of the following:

1.  There are no outstanding jurisdictional issues.

2.  There are no unserved parties.

3.  The parties submit the following:

    a.  Plaintiff submits the following regarding the causes of action in this case: Plaintiff was a 26 year employee of Defendant's who was terminated less than a month after sustaining an on the job injury to his arm and shoulder. Plaintiff was terminated when he allegedly missed a doctor's appointment even though he complied with the instructions given to him as to when he needed to go. At the time that Plaintiff was

terminated he was also receiving FMLA benefits to allow him to care for his disabled wife.

Plaintiff was terminated due to his disability, Defendant's perception that he was disabled, and his use of FMLA.  Plaintiff asserts that Defendant violated the Americans with Disabilities Act, the Family and Medical Leave Act, and the Rehabilitation Act.

b.  Defendant submits the following regarding the defenses in this case:   Although Defendant asserts other defenses in its Answer as potentially applicable given the claims raised by Plaintiff, the specific defenses listed below are those that Defendant maintains the law or current facts as known apply to this  particular lawsuit, particularly given the facts recited in Plaintiff's First Amended Complaint.  Defendant also has omitted from the below its pure damage-related defenses, such as failure to mitigate, after-acquired evidence, and offset:

   1.  Plaintiff fails to state a claim, in whole or in part, upon which relief can be granted.  Defendant filed its Partial Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on August 16, 2017. (Dkt. 5)  In response, Plaintiff filed his First Amended Complaint (Dkt. 13), which rectified some, but not all of the Rule 12(b)(6) issues.  First, CPS Energy does not receive "federal financial assistance" from the federal government, and accordingly, Plaintiff's Rehabilitation Act claims should be dismissed. Second, Mesa's arm and shoulder injury from which he fully recovered in eight days, as alleged in his First Amended Complaint, does not amount to an actual "disability" under the ADA, or by incorporation, the Rehabilitation Act.   Third, Plaintiff's "failure to accommodate" and

retaliation claims should be dismissed because Plaintiff does not provide any information about whether he requested an accommodation, on which basis he requested an accommodation, what type of accommodation was requested, or whether his purported request was denied. To the extent that Plaintiff makes a failure to accommodate claim on behalf of his wife's illness, this claim should be dismissed for the same reasons, and for the reason that there is no right to accommodation for a non-employee's disability.

2. Plaintiff's claims under the ADA and ADEA are limited to only those claims alleged in his predicate May 22, 2017 charge of discrimination filed with the Equal Employment Opportunity Commission.

3. To the extent Plaintiff's claims rest upon any action of Defendant taken in good faith reliance on the constructions, interpretations, and applications of the FMLA, ADA, ADEA, or the Rehabilitation Act by the appropriate administrative agencies, regulatory agencies, and courts empowered or authorized to make such constructions, interpretations, and applications, such claims are barred in whole or in part.

4. To the extent any rights were violated, which Defendant adamantly denies, any such conduct and/or violations were the result of individuals acting outside the scope of their employment with Defendant and without Defendant's consent. Defendant does not and did not authorize, condone, ratify, or tolerate any unlawful discrimination or retaliation or violations of any statutory or constitutional rights; Defendant instead prohibits such

conduct.   Defendant therefore is not responsible or liable for any such conduct through the principles of agency, *respondeat superior,* or otherwise.

5.  If a fact finder determines any unlawful reason was a motivating factor in any employment decision concerning Plaintiff, which Defendant adamantly denies and maintains is not the applicable standard as to all of Plaintiff's claims, Defendant would nonetheless have made the same employment decision regardless of the alleged discriminatory or retaliatory animus.

6.  The claims advanced by Plaintiff are barred, in whole or in part, by the fact that Defendant's actions and/or omissions, if any, did not proximately cause Plaintiff's injuries or damages, if any.

7.  The FMLA, ADA, ADEA, and Rehabilitation Act are remedial statutory schemes in which Congress has specified the avenues and relief, if any, available to a prevailing plaintiff.  To the extent, Plaintiff pursues claims or seeks remedies beyond the scope of these specified statutory schemes, such claims and remedies are improper and barred as a matter of law.

8.  Defendant did not engage in any intentional unlawful discrimination or retaliation, nor did Defendant willfully engage in any unlawful practice with malice or with reckless indifference to the rights of Plaintiff, if any. Defendant's actions, if any, were job-related, consistent with a business necessity, and based upon legitimate, non-discriminatory, non-retaliatory reasons.  Defendant's actions, if any, also were undertaken in good faith, based on good cause, and with a reasonable belief that such actions were

4

not in violation of any applicable law. Indeed, no decisions were intentionally made or imposed to contravene the prohibitions of any applicable state or federal law. In this regard, Plaintiff cannot recover any compensatory or liquidated damages under the FMLA, ADA, ADEA, or Section 504 of the Rehabilitation Act.

4. Agreements or stipulations made about any facts in this case or any element in the cause(s) of action?

   a. Plaintiff is a resident of Bexar County, Texas.

   b. Defendant is a municipally-owned energy utility under the laws of the State of Texas.

   c. Plaintiff was hired by Defendant on or about November 1990.

   d. Plaintiff is over the age of 40.

   e. At some point during Plaintiff's employment with Defendant, Plaintiff's wife had cancer.

   f. In 2013 and 2016, Plaintiff availed himself of FMLA leave to care for his wife.

   g. Plaintiff reported an on-the-job injury to his shoulder on or about September 12, 2016.

   h. On October 3, 2016, Defendant informed Plaintiff that he was being placed on unpaid personal leave until his previously voluntarily elected retirement date of December 1, 2016.

5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

   a. Plaintiff submits the following:

      The parties will submit their Rule 26(a) initial disclosures on or before September 21, 2017. Plaintiff will need discovery related to Defendant's policies, the individuals who made the decision to terminate Plaintiff, and the

reasons for Plaintiff's termination.  Plaintiff requests that Defendant maintain all electronically stored information.  Plaintiff does not anticipate any other issues at this time and agrees to the entry of the standard Western District Protective Order.

b.  Defendant submits the following:

The parties will submit their Rule 26(a) initial disclosures on or before September 21, 2017.  At this time, the subjects that Defendant anticipates needing discovery include, but are not limited to, Plaintiff's allegations of discrimination and retaliation and the economic and compensatory damages he seeks related thereto.  Defendant does not anticipate any issues regarding disclosure, discovery, or preservation of electronically stored information, and requests that Plaintiff maintain without deleting any electronically stored information, including but not limited to, e-mails, text messages, and Facebook, Linked In profiles, etc.  Defendant does not anticipate any issues about claims of privilege, or of protection in trial-preparation materials.  At this time, Defendant does not anticipate requesting any changes to the limitations on discovery imposed under the rules.  Beyond seeking the entry of the Western District's standard Protective Order, Defendant does not anticipate requesting any other order that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

6.  The parties have not begun discovery yet, but they do not anticipate the need for conducting discovery in phases since this is a single plaintiff employment discrimination case.

7.  No discovery disputes exist at this time.

6

8. The parties do not anticipate that a proposed order pursuant to Federal Rule of Evidence 502 is required at this time.

9. The parties agree mediation is an appropriate ADR method for this lawsuit, the parties believe that it should be scheduled after written discovery and initial depositions, including Plaintiff's deposition.

Respectfully submitted,


/s/ Christine E. Reinhard
Christine E. Reinhard
State Bar No. 24013389
Shannon B. Schmoyer
State Bar No. 17780250
Delilah Lorenz Evans
State Bar No. 24036991
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
Phone:  (210) 447-8033
Fax:  (210) 447-8036
creinhard@sr-llp.com
sschmoyer@sr-llp.com
devans@sr-llp.com

**ATTORNEYS FOR DEFENDANT**
**CPS ENERGY**

/s/ *Alan Braun*
Adam Poncio
Thomas N. Cammack, III
Alan Braun
PONCIO LAW OFFICES
5410 Fredericksburg Rd., Suite 109
San Antonio, Texas 78229-3550
Telephone: (210) 212-7979
Facsimile: (210) 212-5880
salaw@msn.com
tcammack@ponciolaw.com
abraun@ponciolaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

On September 7, 2017, a true and correct copy of this document was filed electronically, with notice of the filing served on all counsel of record by operation of the Court's electronic filing system.  All parties may access this filing through the Court's electronic filing system.

/s/ Christine E. Reinhard
Christine E. Reinhard