UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ABEL MESA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No. SA-17-CA-654-XR |
| | ) |
| | ) |
| CITY OF SAN ANTONIO, d/b/a CPS ENERGY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On this date, the Court considered Defendant's Partial Rule 12 Motion to Dismiss Plaintiff's First Amended Complaint (docket no. 17).

**I. Background**

Plaintiff was hired by CPS Energy in 1990 and is now over age 40. In 2013, his wife was diagnosed with cancer, and he availed himself of FMLA leave to care for his wife. On September 12, 2016, he sustained an on-the-job injury to his arm and shoulder and sought workers' compensation benefits. Plaintiff had a doctor's visit with Texas Med Clinic on September 13 and scheduled a follow-up on September 16. Plaintiff alleges that "[o]n the 16th Mr. Mesa was contacted by Broadspire, Defendant's Third Party FMLA administrator"; "Mesa was seen at Nova clinic and received a release allowing him to return to work without restrictions on September 20, 2016"; "He returned on the 20th Plaintiff gave his return to work forms and gave them to Vernon King, his supervisor. Mesa worked that day without incident."; "On September 21, 2016, Mr. Mesa was escorted off the job and had his badge taken away. He was told not to return to work until he heard back from Kevin Drenan, because there was a problem with the paperwork." Plaintiff further alleges that he did not get a call until the 28th, when he was told to go to Concentra clinic on Thursday or Friday to obtain a Fitness for Duty form, and Mesa said he would go on Friday. He alleges that when he went on Friday, he was told they could not see him and that he needed to call

Toni in HR. Plaintiff alleges that Toni then told him there had been an appointment for him to go to Concentra on Thursday the 28th, and was later told they decided to have a meeting with him at CPS's downtown office. On October 3, he was informed that because he had not gone to the September 28 medical appointment, he was being put on leave and would be separated from CPS on December 1, and would be immediately taken off payroll. Defendant asserts that Plaintiff had previously elected voluntary retirement beginning December 1.

The First Amended Complaint asserts claims under the Rehabilitation Act, the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and the Family and Medical Leave Act ("FMLA"). Defendant filed a partial answer and a partial motion to dismiss. The motion seeks dismissal of the Rehabilitation Act and ADA claims under Rule 12(b)(6).

## II. Analysis

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under 12(b)(6), all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Additionally, the facts are construed favorably to the plaintiff. *Id.* Courts may look only to the pleadings in determining whether a plaintiff has adequately stated a claim; consideration of information outside the pleadings converts the motion to one for summary judgment. FED. R. CIV. P. 12(d). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 1964 (2007). Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.* 556.

### A. Rehabilitation Act - receipt of federal funding

The Rehabilitation Act prohibits discrimination on the basis of disability by recipients of federal funds. *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614 n.5 (5th Cir. 2009). It provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be . . . subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). Under the *McDonnell Douglas* burden-shifting

framework, a plaintiff must first establish a prima facie case of discrimination, including that the plaintiff (1) is an individual with a disability, (2) who is otherwise qualified for the position, (3) who worked for a program or activity receiving federal financial assistance, and (4) was discriminated against solely by reason of his or her disability. *Cohen v. Univ. of Tex. Health Science Ctr.*, 557 F. App'x 273, 277-78 (5th Cir. 2014).

Defendant contends that Plaintiff's Rehabilitation Act claims must be dismissed because he failed to plead facts that demonstrate that the Act applies to CPS Energy as a whole, much less that Mesa's work at CPS Energy causes the Rehabilitation Act to apply to him in particular. Defendant asserts that, "under current Fifth Circuit precedent, to state a claim under the Rehabilitation Act, a plaintiff must allege that he personally worked on a program or activity that received grants or other financial assistance from the federal government." Motion at 3.

The Court finds that Plaintiff's allegations are sufficient. In *Taylor v. City of Shreveport*, 798 F.3d 276, 283 (5th Cir. 2015), the Fifth Circuit held that, to state a § 504 claim, a plaintiff must allege that the specific program or activity with which he or she was involved receives or directly benefits from federal financial assistance. But it held sufficient an allegation that "the City receives federal funds for the police department." It noted that the police department was a "program or activity" as defined by the Rehabilitation Act, which includes "a department, agency, special purpose district, or other instrumentality of a State or of a local government." 29 U.S.C. § 794(b)(1)(A). Thus, allegations that the program or activity receives federal funds appear to be sufficient to state a claim.

Plaintiff's First Amended Complaint alleges that "Defendant received federal funds and utilized them as part of its operations." First Am. Compl. ¶ 9. And Defendant is "the City of San Antonio acting by and through its agent, City Public Service Board d/b/a CPS Energy." Construed liberally, this is sufficient to allege that CPS Energy receives federal funds, which is sufficient to state a claim. Although Defendant has attached an affidavit to its motion to dismiss, the Court's review is limited to the pleadings, and the Court therefore cannot consider the affidavit without converting the motion to a motion for summary judgment, which it declines to do. The motion to dismiss the Rehabilitation Act claim on this basis is therefore denied.

**B. Rehabilitation Act and ADA - disability**

Plaintiff alleges claims under the ADA and Rehabilitation Act based on (1) his own actual disability, (2) being perceived or regarded as disabled, and (3) his association with his disabled wife. Specifically, Plaintiff alleges that he had a temporarily disabling condition that affected his ability to perform the major life activities of overhead reaching and climbing, that Defendant perceived him as disabled, and that Defendant took adverse actions against him because of his association with his wife, who had the disability of cancer. Defendant contends that Plaintiff fails to state a claim under the first two theories. Plaintiff responds that Defendant's challenges are evidentiary in nature and that discovery is needed before dismissal (via summary judgment) should be considered.

Defendant contends that Plaintiff's First Amended Complaint "falls short of establishing that he was actually disabled under the ADA or Rehabilitation Act." Plaintiff alleges that he had a temporarily disabling condition that affected his ability to perform the major life activities of overhead reaching and climbing. Defendant argues that Mesa's factual allegations "fall well short of establishing he had any sort of substantial limitation on any major life activity, including the two he cites, overhead reaching and climbing." Defendant contends that, "eight days of leave to recover from a brief injury to his arm and shoulder before being able to return to work, as alleged in his First Amended Complaint, does not amount to a disability under the ADA or the Rehabilitation Act." Defendant notes that Plaintiff himself characterizes the injury as temporarily disabling, and fails to allege facts that the injury led to an impairment that substantially limited any major life activities.

Defendant further contends that Plaintiff fails to show he was regarded as disabled because he alleges no supporting facts for his conclusory assertion that Defendant perceived him as disabled. But even if he had alleged such facts, Defendant contends, the "regarded as" definition does not apply to transitory impairments, which are impairments with an actual or expected duration of six months or less. *See* 42 U.S.C. § 12102(3)(B).

To make out a prima facie of discrimination under the *McDonnell Douglas* burden-shifting framework under the ADA, the plaintiff must show: (1) he has a disability or was regarded as disabled; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision on account of his disability. *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016). An individual has a disability, if that individual has "a physical impairment that substantially

limits one or more major life activities." 42 U.S.C. § 12102(1). The inquiry is "whether [the plaintiff's] impairment substantially limits his ability 'to perform a major life activity as compared to most people in the general population.'" *Cannon*, 813 F.3d at 591 (quoting 29 C.F.R. § 1630.2(j)(1)(ii)).

In *Cannon*, the Fifth Circuit held that the plaintiff's rotator cuff injury qualified as a disability under the more relaxed standard in the ADAAA because "lifting" and "reaching" are included in the list of major life activities in the ADA and the plaintiff's shoulder injury substantially limited his ability to perform such tasks based on testimony from the plaintiff and his doctor. Defendant contends that "Mesa's on-the-job injury encompassed only two doctor visits and eight days of recovery before he was able to return to work without restrictions," but the fact that Mesa returned to work without restrictions does not necessarily prove that Plaintiff's injury was fully healed and no longer limited his ability to lift. Defendant's motion to dismiss on the basis that Plaintiff has not pled sufficient facts to show that he was disabled at the time of the adverse employment action is denied.

The Court in *Cannon* further held that the plaintiff met the "regarded as" provision because the "ADA now covers not just someone who is disabled but also those subjected to discrimination because they are 'regarded as having . . . an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *Cannon*, 813 F.3d at 591 (quoting 42 U.S.C. §§ 12102(1)(C), 3(1)(A)). The ADAAA overruled "prior authority 'requiring a plaintiff to show that the employer regarded him or her as being substantially limited in a major life activity.'" *Id.*; *see also Dube v. Tex. Health & Human Servs. Comm'n*, No. SA-11-CV-354-XR, 2012 WL 2397566, at *3 (W.D. Tex. June 25, 2012) ("The ADAAA makes it clear that under the 'regarded as' prong, an employer need only perceive that the individual has a physical or mental impairment, thus overruling court decisions requiring a plaintiff to show that the employer regarded him or her as being substantially limited in a major life activity.").

This Court has noted that the ADAAA "restricts the coverage of individuals who are 'regarded as' disabled by excluding individuals with a 'minor' and 'transitory' condition (e.g., a condition that lasts, or is expected to last, six months or less.)". *Dube*, 2012 WL 2397566, at *4 (citing 42 U.S.C. § 12102(3)(B)). Defendant contends that Plaintiff's First Amended Complaint

affirmatively demonstrates that he recovered from his injury within eight days and thus his injury was minor and transitory for purposes of the "regarded as" prong. But whether Plaintiff had recovered is not the relevant inquiry for the "regarded as" prong. The relevant inquiry is whether the employer regarded him as having a physical impairment,[1] and Plaintiff has pled that he was not permitted to return to work, that he needed to obtain a Fitness for Duty form, and that his employer perceived him as disabled. He does not plead that Defendant perceived him to have a minor or transitory impairment. The motion to dismiss the "regarded as" claim is denied.

**C. Failure to Accommodate**

Generally, to prevail on a failure to accommodate claim, a plaintiff must establish that (1) he is a qualified individual with a disability, (2) the disability and its consequential limitations were known by the covered employer, and (3) the employer failed to make a reasonable accommodation for such known limitations. *See Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013). Defendant contends that, to the extent he is alleging a failure to accommodate, Mesa fails to allege any facts indicating that he requested an accommodation or that a reasonable accommodation was denied.[2] The Court agrees. Nowhere in the Amended Complaint does Plaintiff allege that he was denied an accommodation.[3] The motion to dismiss the claims based on failure to accommodate is granted, but with leave for Plaintiff to replead if desired.

**D. Retaliation**

A claim of unlawful retaliation under the ADA requires a plaintiff to make a prima facie case by showing that (1) he engaged in an activity protected by the ADA, (2) he suffered an adverse employment action, and (3) there is a causal connection between the protected act and the adverse

---

[1] *Spinks v. Trugreen Landcare LLC*, 322 F. Supp. 2d 784, 794 (S.D. Tex. 2004) ("courts look to the employer's perception of the employee, which involves a question of intent, not to whether the employee has an actual disability"). Plaintiff has not pled facts establishing that Defendant perceived his impairment as minor and/or transitory, even if it was so.

[2] Defendant contends that, to the extent Plaintiff is asserting a failure-to-accommodate claim based on his wife's disability, it fails because an employer has no requirement to accommodate a wife's disability. The Court agrees. Further, the Fifth Circuit has held that "a request for FMLA leave is not a request for a reasonable accommodation under the ADA." *Acker v. General Motors LLC*, 853 F.3d 784, 791 (5th Cir. 2017).

[3] The only mention of accommodation is a statement that "Defendant intentionally retaliated against Claimant based on his requests for accommodation." Docket no. 12 ¶ 52.

action. *Weed v. Sidewinder Drilling, Inc.*, 245 F. Supp. 3d 826, 837 (S.D. Tex. 2017). Plaintiff alleges that Defendant intentionally retaliated against him based on his requests for accommodation and leave in violation of the ADA. Docket no. 12 ¶ 52. Defendant argues that Mesa's retaliation claim fails because he does not specify any protected conduct that he allegedly engaged in. It is undisputed that making a request for a reasonable accommodation under the ADA may constitute engaging in a protected activity. *Tabatchnik v. Continental Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008). However, as discussed above, Plaintiff fails to allege that he requested an accommodation. And, to the extent he claims retaliation based on his leave request, the Fifth Circuit has held that a request for FMLA leave is not a request for a reasonable accommodation under the FMLA. *Acker v. General Motors LLC*, 853 F.3d 784, 791 (5th Cir. 2017). Accordingly, the motion to dismiss the retaliation claim is granted, but leave to replead.

**Conclusion**

Defendant's partial motion to dismiss (docket no. 17) is GRANTED IN PART and DENIED IN PART. The motion to dismiss the disability discrimination claims under the ADA and the Rehabilitation Act is DENIED. The motion to dismiss the failure-to-accommodate and the retaliation claims under the ADA and the Rehabilitation Act is GRANTED. Plaintiff is given leave to file an Amended Complaint to attempt to state a claim for failure to accommodate and retaliation, if desired, within fourteen days of this Order.

SIGNED this 29th day of November, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE