**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ABEL MESA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. SA-16-CV-870-XR |
| | § | |
| CITY OF SAN ANTONIO, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

On this day came on to be considered Plaintiff's motion to quash and for protective order.

Plaintiff was employed by CPS Energy, the City's municipally owned energy company. He worked there from 1990 until 2016. He alleges he was discharged because he was disabled, or CPS perceived him as disabled, or because of his association with a disabled person (Mesa's wife was diagnosed with cancer). He brings causes of action under the Americans with Disabilities Act and the Rehabilitation Act. He further alleges that CPS retaliated against him for taking FMLA Leave. He also claims that he was wrongfully discharged because of his age in violation of the Age Discrimination in Employment Act.

Plaintiff has now apparently secured employment with Aldez Containers. CPS issued a Notice of Intention to take a Deposition by Written Questions to Aldez Containers. CPS requests that Aldez Containers produce copies of all personnel records it has regarding Mr. Mesa. CPS also seeks payroll records, medical records, and records relating to employee benefits. In his motion to quash, Plaintiff argues that the records sought are not relevant and invade Plaintiff's privacy. He also argues that the requests are overly broad and lack specificity.

Defendant responds that the motion to quash should be denied because Plaintiff's counsel failed to confer with counsel for Defendant prior to the filing of the motion. Otherwise, Defendant contends that the records sought are relevant.

**Analysis**

Plaintiff should have conferred with opposing counsel prior to the filing of this motion. Thereafter, both sides had an obligation to confer in good faith in an attempt to resolve this dispute without court intervention. Neither party meaningfully reached out prior to the court hearing on this matter. Both parties failed.

Secondly, counsel for Defendant repeatedly asserts in its Response that they are entitled to information that reasonably could lead to other matters that may bear on this case. Defendant cites pre-December 1, 2015 caselaw for its support.

Fed. R. Civ. P. 26(b) was amended effective December 1, 2015. "Information is discoverable under revised Rule 26(b)(1) if it is relevant to any party's claim or defense and is proportional to the needs of the case." See 2015 Committee Note. The "reasonably calculated to lead to the discovery of admissible evidence" language was deleted.

Third. Plaintiff in his objections to the various discovery requests improperly asserts global objections and objects on the basis that the requests are not "reasonably calculated to lead to the discovery of admissible evidence." As stated above, that language has now been deleted. Further, Fed. R. Civ. P. 34(b)(2)(B) was amended on December 1, 2015 to require that objections to Rule 34 requests be stated with specificity. See 2015 Committee Note.

Four. Counsel should delete their old form files.

Otherwise, CPS argues that the information sought is relevant because Mr. Mesa allegedly told CPS that he intended to retire effective December 1, 2016, and that he now is

asserting that his discharge was an "involuntary retirement."[1] CPS contends that Plaintiff's credibility is at issue. CPS also contends any statements Mr. Mesa may have made regarding his departure from CPS is relevant (e.g. did he state in his application that he retired from CPS). It further asserts that any statements Mr. Mesa may have made to his new employer regarding the severity of his physical limitations (or lack thereof) is relevant, as well as any medical records.

Otherwise, continuing to cite the now deleted "likely to lead to the discovery of admissible evidence" language, CPS contends it is entitled to see information regarding Plaintiff's performance at his new place of employment, disciplinary records, and whether he has refused any promotions that would have paid a higher wage or salary. CPS contends that such information *may* be relevant to whether Plaintiff has adequately mitigated his damages.

Plaintiff's motion to quash is granted in part and denied in part. The subpoena shall be served upon Aldez Containers. Thereafter, Aldez Containers will produce its response to Plaintiff's counsel. Plaintiff's counsel will review the material and produce any documents that reference any statement Plaintiff may have made regarding why he left CPS Energy's employment. Plaintiff's counsel will also produce to the Defendant any documents that reference whether Plaintiff claims to suffer any disability or not. Finally, Plaintiff's counsel shall produce any wage and benefit information. The above material is relevant. Otherwise, the remainder of the information sought by Defendant is not relevant and need not be produced.

---

[1] CPS attaches an email dated September 20, 2016, wherein Mr. Mesa informs Kevin Drennan that "My intent to retire is December 1, 2016."

**Conclusion**

Plaintiff's motion to quash and for protective order is GRANTED IN PART AND DENIED IN PART.

SIGNED this 23rd day of January, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE